UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| YAKIMA VALLEY MEMORIAL HOSPITAL, a Washington Nonprofit Corporation,<br><br>        Plaintiff,<br><br>        v.<br><br>WASHINGTON STATE DEPARTMENT OF HEALTH and MARY C. SELECKY, in her official capacity as Secretary of the Washington State Department of Health,<br><br>        Defendants. | NO. CV-09-3032-EFS<br><br>**ORDER DENYING YAKIMA CARDIAC CENTER'S MOTION TO INTERVENE AS DEFENDANT** |

Before the Court, without oral argument, is Proposed-Intervener Yakima HMA, LLC, doing business as Yakima Regional Medical and Cardiac Center's ("YCC"), Motion to Intervene As Defendant, ECF No. 80. After reviewing the record in this matter, the filings of the parties, and applicable authority, the Court is fully informed. For the reasons stated below, the Court denies YCC's motion.

**I.  BACKGROUND**

Yakima Valley Memorial Hospital (YVMH) filed its complaint in this matter on March 20, 2009. ECF No. 1. YVMH's Complaint asserts that the Washington State Department of Health's (DOH) certificate of need (CON)

ORDER \* 1

1  regulations for elective percutaneous coronary intervention (PCI)
2  procedures, codified at WAC 246-310 *et seq.*, violate the Sherman Act, 15
3  U.S.C. § 1, and violate the Dormant Commerce Clause of Article 1, § 8,
4  cl. 3 of the United States Constitution. On August 31, 2009, Defendants
5  moved for judgment on the pleadings, arguing that YVMH's complaint fails
6  to state a claim upon which relief could be granted. ECF No. 31. On May
7  25, 2010, the Court granted Defendants' motion and entered judgment in
8  their favor. ECF Nos. 58 & 59. Plaintiffs appealed the Court's decision
9  to the Ninth Circuit Court of Appeals. ECF No. 60.

10  The Ninth Circuit affirmed the Court's dismissal of YVMH's Sherman
11  Act claims, holding that the PCI regulations are a unilateral licensing
12  requirement and not an agreement in restraint of trade. ECF No. 73.
13  With regard to YVMH's Dormant Commerce Clause claim, the Ninth Circuit
14  upheld the Court's ruling that YVMH has standing to challenge the PCI
15  regulations, but reversed the Court's ruling that Congress had authorized
16  CON programs in the National Health Planning and Resources Development
17  Act of 1974. *Id*. On September 12, 2011, the Ninth Circuit remanded the
18  case to this Court for further proceedings on YVMH's Dormant Commerce
19  Clause claim. ECF No. 75.

20  YCC filed the instant Motion to Intervene as Defendant on October
21  26, 2011. ECF No. 80. YVMH opposes YCC's motion, ECF No. 86, while
22  Defendants support YCC's motion, ECF No. 84. YCC asserts that it may
23  intervene as of right per Federal Rule of Civil Procedure 24(a) or,
24  alternatively, that it should be permitted to intervene permissively per
25  Rule 24(b).
26  /

ORDER ~ 2

## II. INTERVENTION AS OF RIGHT

Under Federal Rule of Civil Procedure 24(a), upon timely motion, the Court must permit any party to intervene if the party "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). The Ninth Circuit has parsed the language of Rule 24(a) into four distinct requirements: 1) timeliness; 2) a "significant protectable interest" in the subject of the action; 3) which may be impaired or impeded if the action is disposed of without the applicant's participation; and 4) which interest is not adequately represented by the existing parties. *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011) (citing *Prete v. Bradbury*, 438 F.3d 949, 954 (9th Cir. 2006)).

### A. Timeliness

"Timeliness is the threshold requirement for intervention as of right." *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997). The Ninth Circuit considers three criteria in determining whether a motion to intervene is timely: 1) the stage of the proceedings; 2) whether the parties would be prejudiced; and 3) the reason for any delay in moving to intervene. *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 836-37 (9th Cir. 1996) (citing *United States v. Oregon*, 913 F.2d 576, 588 (9th Cir. 1990)). Here, YCC moved to intervene on October 26, 2011, over thirty-one months after YMVH filed its Complaint, and thirty months after Defendants filed their Answer. In the

ORDER ∗ 3

interim since YVMH filed its Complaint, the Court considered and granted Defendants' Motion for Judgment on the Pleadings, YVMH appealed the matter to the Ninth Circuit, and the case was remanded back to this Court. YCC argues that it is seeking intervention "at the first stage of the action on remand," ECF No. 82 at 6, but this is actually a relatively late stage in the proceeding; the parties have engaged in active motions practice, have completed over twelve months of discovery,[1] and have completed a "round trip" appeal to the Ninth Circuit. *See League of United Latin Am. Citizens*, 131 F.3d at 1304 (denying intervention to applicant who had been "aware of this litigation since it was filed" but waited twenty-seven months after the filing of the complaint to seek intervention). Though this case has only recently been remanded, it is not in an early stage, and this factor weighs against intervention.

YVMH has not raised the issue of prejudice in their moving papers, but the Court finds that allowing YCC to intervene at this stage of the proceedings would prejudice the existing parties by forcing them to incur additional discovery-related expenses and by requiring them to address

---

[1] YCC makes much of Plaintiff's counsel's statements during oral argument before the Ninth Circuit that "there's been no discovery" and that the Dormant Commerce Clause claim was "undeveloped." *See* ECF No. 87 at 4-5. However, given that this statement was made over nine months ago, and that the parties have in fact engaged in discovery in this matter, *see* ECF Nos. 93 & 94, the Court rejects this estoppel-based argument.

ORDER * 4

the affirmative defenses raised in YCC's Proposed Answer, ECF No. 80-1 at 5.  This factor also weighs against intervention.

With regard to the reason for delay, YCC attempts to explain its delay in requesting leave to intervene on the basis that it "did not intervene in the antitrust case, as the allegations were obviously without merit." ECF No. 87 at 6.  While "the mere lapse of time, without more, is not necessarily a bar to intervention" and "a party's interest in a specific phase of a proceeding may support intervention at that particular stage of the lawsuit," *United States v. Alisal Water Corp.*, 370 F.3d 915, 921 (9th Cir. 2004), YCC has not demonstrated a particular interest in this specific stage of the lawsuit. Rather, the issue before the Court on remand is the exact same issue presented in YVMH's Complaint, and YCC's "without merit" argument is not a legitimate reason for delay.  *See League of United Latin Am. Citizens*, 131 F.3d at 1308 (denying intervention to applicant that "slept on its intervention rights for more than two years" because "[w]hen it awoke, it was unable convincingly to explain its delay").  Accordingly, the Court finds that YCC's proffered explanation for delay does not excuse its failure to apply for leave to intervene during the past thirty-one months.

Because all three timeliness factors weigh against intervention, the Court denies YCC's motion to intervene as untimely.  However, in support of its decision to deny YCC's motion, the Court addresses the other Rule 24(a) factors below.

### B. YCC's Interest in the Subject of This Action

In addition to filing a timely motion to intervene, a party seeking intervention under Rule 24(a) must also show that it has a significant,

ORDER ~ 5

protectable interest in the subject of the action, and that the interest may be impaired or impeded if the action is disposed of without its participation. "The requirement of a significantly protectable interest in generally satisfied when the interest is protectable under some law, and there is a relationship between the legally protected interest and the claims at issue." *City of Emeryville v. Robinson*, 621 F.3d 1251, 1259 (9th Cir. 2010) (internal citation omitted). "A party has sufficient interest for intervention purposes if it will suffer a practical impairment of its interests as a result of the pending litigation." *Id.* (internal citation omitted). Here, YCC's status as the only hospital in the Yakima Valley that is currently authorized to perform elective PCI procedures gives it a significant and protectable interest in the outcome of this litigation. Furthermore, while YCC's ability to perform elective PCI procedures is not contingent upon the validity of the DOH's CON regulations, disposal of this matter without YCC's participation would, in a practical sense, impair YCC's interest because it would lose its monopoly over elective PCI procedures in the Yakima Valley. The Court thus considers whether YCC's interest is adequately protected by the existing parties.

### C.   Adequacy of Representation

In evaluating whether an existing party adequately represents a proposed intervener's interests, the Ninth Circuit considers the following three factors: "1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervener's arguments; 2) whether the present party is capable and willing to make such arguments; and 3) whether a proposed intervenor would offer any

ORDER ∗ 6

necessary elements to the proceeding that other parties would neglect." *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003) (citing *California v. Tahoe Reg'l Planning Agency*, 792 F.2d 775, 778 (9th Cir. 1986)). If an applicant for intervention and an existing party share the same ultimate objective, a presumption of adequacy of representation arises, which must be rebutted with a "compelling showing" of inadequacy of representation. *Citizens for Balanced Use*, 647 F.3d at 898. "There is also an assumption of adequacy when the government is acting on behalf of a constituency that it represents, which must be rebutted with a compelling showing." *Id.* (internal citation omitted).

Here, both YCC and Defendants argue that because "[t]he State's purpose is to defend the broad public interest and preserve the elective PCI regulations . . . it does not have an economic interest in the specific PCI procedures at issue or [YCC]'s revenue sources." ECF No. 82 at 8; *see also* ECF No. 84 at 3 ("[T]he Department construes and implements the [CON] law consistent with the public interest and with the legislature's directives in Wash. Rev. Code 70.38 . . . [i]n so doing, the Department certainly does not represent the interest of [YCC] or any other private party."). Notwithstanding their divergent motivations for doing so, however, both Defendants and YCC clearly share the same ultimate objective: preserving the continuing validity of the state's CON regulations. And it is undisputed that Defendant DOH is a government agency acting on behalf of its constituency. A presumption of adequacy of representation thus arises, and the Court finds that YCC has not overcome this presumption with the "compelling showing" required by case law. Accordingly, YCC's motion must be denied both as untimely and because Defendants adequately represent its interest.

ORDER * 7

### III. PERMISSIVE INTERVENTION

YCC also seeks leave to intervene under Rule 24(b), which states in pertinent part that "[o]n timely motion, the court may permit anyone to intervene" if that person "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1), (b)(1)(B). In exercising its discretion regarding whether to allow a party to intervene under Rule 24(b), "the [C]ourt must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." *Id.* at 24(b)(3). "As with motions for intervention as of right, a finding of untimeliness defeats a motion for permissive intervention." *League of United Latin Am. Citizens*, 131 F.3d at 1308 (internal citation omitted).

In determining timeliness under Rule 24(b), the Ninth Circuit considers the same three factors that it does under Rule 24(a)(2): the stage of the proceedings, the prejudice to the existing parties, and the length of and reason for the delay. *Id.* In the context of permissive intervention, however, the Ninth Circuit analyzes the timeliness element more strictly than it does with intervention as of right. *Id.* (citing *Oregon*, 745 F.2d at 552).

For the reasons stated above, the Court finds that YCC's motion is untimely under the standard applied to intervention as of right under Rule 24(a). It thus follows *a fortiori* that YCC's motion is untimely under the stricter standard applied to permissive intervention under Rule 24(b). *See League of United Latin Am. Citizens*, 131 F.3d at 1308 (holding that finding of untimeliness in Rule 24(a) analysis was "controlling" in Rule 24(b) timeliness analysis). Accordingly, YCC's motion is denied in this regard as well.

ORDER * 8

**IV. CONCLUSION**

For the reasons discussed above, the Court denies YCC's motion to intervene as of right as untimely and because Defendant DOH adequately represents YCC interests in this litigation. The Court also denies YCC's motion for permissive intervention as untimely.

Accordingly, **IT IS HEREBY ORDERED:** YCC's Motion to Intervene As Defendant, **ECF No. 80**, is **DENIED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and distribute copies to counsel.

**DATED** this 20th day of December 2011.

                               s/Edward F. Shea
                              EDWARD F. SHEA
                       United States District Judge

Q:\Civil\2009\3032.deny.intervene.lc2.wpd

ORDER * 9