UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

YAKIMA VALLEY MEMORIAL HOSPITAL, a Washington Nonprofit Corporation,

Plaintiff,

v.

WASHINGTON STATE DEPARTMENT OF HEALTH and MARY C. SELECKY, in her official capacity as Secretary of the Washington State Department of Health,

Defendants.

NO. CV-09-3032-EFS

**ORDER DENYING YAKIMA REGIONAL MEDICAL AND CARDIAC CENTER'S MOTION FOR RECONSIDERATION**

This matter comes before the Court on Yakima Regional Medical and Cardiac Center's (YCC) Motion for Reconsideration of the Court's Denial of Its Motion to Intervene As A Defendant, ECF No. 97. After reviewing the parties' submissions, the record in this matter, and applicable authority, the Court is fully informed. For the reasons given below, the Court denies YCC's motion for reconsideration.

**I. Background**

On October 26, 2011, YCC moved to intervene in this lawsuit challenging a portion of the Washington State Department of Health's certificate of need regulations. ECF No. 80. On December 20, 2011, the

Court denied YCC's motion, finding that while YCC did have a protectable interest in this action, its motion to intervene was untimely and its interest was adequately represented by the state Department of Health. YCC filed the instant motion for reconsideration on January 17, 2012. ECF No. 97.

**II. Discussion**

YCC purports to bring its motion pursuant to Federal Rule of Civil Procedure 59(e), which permits a party to bring a motion to alter or amend a judgment within twenty-eight days of the entry of the judgment. Fed. R. Civ. P. 59(e). However, as YCC has never been a party to this matter, the denial of YCC's motion to intervene does not constitute a "judgment," but is instead an interlocutory order. YCC's motion is thus appropriately analyzed as brought pursuant to either 1) Federal Rule of Civil Procedure 54(b), which allows a district court to revise an interlocutory order "that adjudicates fewer than all the claims . . . at any time before entry of a judgment adjudicating all the claims," or 2) the district court's inherent common-law authority to rescind or modify any interlocutory order so long as the court retains jurisdiction over the matter. *See Credit Suisse First Boston Corp. v. Grunwald*, 400 F.3d 1119, 1124 (9th Cir. 2005).

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Motions for reconsideration brought under Rule 59(e) are typically not granted "unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening

change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) (citing *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)). Rule 54(b) does not address the standards a district court should apply when reconsidering an interlocutory order, and this District has no local rule governing motions for reconsideration. *Cf.* W.D. Wash. CR 7(h)(1). However, when reviewing motions for reconsideration of interlocutory orders, district courts in the Ninth Circuit generally apply standards of review substantially similar to those used under Rules 59(e) and 60(b). *See, e.g.*, *Nike, Inc. v. Dixon*, No. CV 01-1459-BR, 2004 WL 1375281 at *1-2 (D. Or. June 16, 2004), *aff'd*, 163 Fed. Appx. 908 (Fed. Cir. 2006); *Motorola, Inc. v. J.B. Rodgers Mech. Contractors*, 215 F.R.D. 581, 583-86 (D. Ariz. 2003) (surveying relevant local rules for districts throughout the Ninth Circuit). These courts have adopted the following conditions in determining whether a motion for reconsideration may be granted:

> 1) There are material differences in fact or law from that presented to the Court and, at the time of the Court's decision, the party moving for reconsideration could not have known of the factual or legal differences through reasonable diligence;
>
> 2) There are new material facts that happened *after* the Court's decision;
>
> 3) There has been a change in the law that was decided or enacted *after* the Court's decision; or
>
> 4) The movant makes a convincing showing that the Court failed to consider material facts that were presented to the Court before the Court's decision.

*Motorola, Inc.*, 215 F.R.D. at 586. "No motion for reconsideration shall repeat in any manner any oral or written argument made in support of or in opposition to the original motion." *Id.*

Applying these standards to the instant motion, it becomes clear that none of these prerequisite conditions have been satisfied. The only putative new facts that YCC cites are 1) that Plaintiff Yakima Valley Memorial Hospital's (YMVH) expert reports include criticism of YCC's business practices, and 2) that the Department of Health recently denied YMVH's certificate of need application, and that YCC will intervene in YMVH's appeal of that decision. Neither of these facts are material to YCC's motion to intervene, and neither persuades the Court that it failed to consider a material fact when denying YCC's motion.

YCC also characterizes the Court's consideration of the burden and expense that intervention would impose on YMVH as "sua sponte,"[1] and argues that this concern can be alleviated by permitting YCC to intervene without initiating discovery against YMVH. However, YCC fails to explain how this "limited intervention" would be accomplished without prejudice to YMVH. Furthermore, the Court's consideration of the prejudice to YMVH was not "sua sponte." The Ninth Circuit considers three criteria in determining whether a motion to intervene is timely, one of which is whether the existing parties would be prejudiced by intervention, *see Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 836-37 (9th Cir. 1996), and the Court appropriately considered this factor in its analysis of whether YCC's motion to intervene was timely.

Finally, in its reply memorandum, YCC argues that YMVH's proposed protective order, ECF No. 106 Ex. B, will cause YCC to be barred from depositions and "be limited in its ability to assist in preparing for

---

[1] Action taken by a court "[w]ithout prompting or suggestion; on its own motion." Black's Law Dictionary 1437 (7th Ed. 1999)

depositions or trial the very experts it helped to identify" if YCC is not permitted to intervene. ECF No. 105 at 5. This argument ignores that fact that, regardless of the degree to which YCC has provided Defendants with "behind-the-scenes" assistance in this matter, YCC is not a party to this lawsuit and thus has no vested right to assist in the trial preparation of Defendants' experts.

**III. Conclusion**

In sum, YCC has not shown that an intervening change in the law has occurred, that there are new or different material facts, or that the Court failed to consider material facts in issuing its prior ruling. Instead, YCC largely re-states its original arguments that intervention is proper, arguments that the Court has already considered and rejected. Accordingly, the Court denies YCC's motion for reconsideration.

For the reasons stated above, **IT IS HEREBY ORDERED**: YCC's Motion for Reconsideration of the Court's Denial of Its Motion to Intervene As A Defendant, **ECF No. 97**, is **DENIED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and distribute copies to counsel.

**DATED** this 28th day of February 2012.

S/ Edward F. Shea
EDWARD F. SHEA
United States District Judge

Q:\Civil\2009\3032.deny.reconsid.lc2.wpd